IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARVIN ARDIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:05-CV-00915-F |
| | ) | WO |
| DEPARTMENT OF SOCIAL SERVICES | ) | |
| CHILD SUPPORT ENFORCEMENT OF THE | ) | |
| STATE OF VIRGINIA and | ) | |
| CARINA WILLIAMS | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the *In Forma Pauperis ("IFP") Affidavit* filed by Marvin Ardis, III ("Ardis") on September 26, 2005 (Doc.#2), it is evident that the supporting documentation satisfies the economic eligibility criteria of 28 U.S.C.§1915(a)(1). Accordingly, it is,

**ORDERED THAT THE MOTION IS GRANTED,** and the complaint (Doc.1-1) may be filed without prepayment of fees.

**Upon further consideration**, and for good cause explained herein, *it is the Recommendation of the Magistrate Judge that the Plaintiff not be permitted to proceed with this litigation because it asserts no justiciable claim, is otherwise frivolous, and fails to state a claim for which this court can grant relief.*[1]

---

[1] Section 1915(e)(2)(B)(i)-(iii) authorizes the district court to dismiss the complaint prior to service of process if it determines that the complaint is "frivolous or malicious," "fails to state a
(continued...)

## I.

Docketed as the Complaint is the following-styled pleading filed by Ardis on September 26, 2005, along with his *IFP* affidavit: *Petition for an Injunction on the Withholding Order Issued by the Department of Social Services, Division of Child Support Enforcement.* The sole designated defendants are the "*Department of Social Services Child Support Enforcement of the State of Virginia*" and "Carina V. Williams", whose citizenship, residency, age, or status are not otherwise specified. Indeed, only the *IFP* affidavit establishes that Ardis is a resident of Dothan, Alabama.

Although the *Petition* is non-conforming with substantive and procedural requirements for a civil complaint and application for injunctive relief in this federal court (*see* Rules 8 and 65, Federal Rules of Civil Procedure), its clearly stated purpose leaves no doubt that it cannot be maintained as a civil action in this court. In the introductory paragraph of the Petition, Ardis requests "an injunction to the withholding order issued to Wachovia/Southtrust Bank from the Repondents Department of Social Services Department of Child Support Enforcement of Virginia and Carina V. Williams to withhold all funds deposited in the account listed under the Plaintiff's name and social security numbers at Wachovia/Southtrust Bank." In the next section, labeled "Argument", Ardis purports to establish the legal and factual basis for the requested relief:

---

[1](...continued)
claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." See *Denton v. Hernandez*, 504 U.S. 25 (1992) *Procup v Strickland,* 760 F.2d 1107, 1114 (11th Cir. 1985); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

2

...this injunction should be issued on the withholding order due to the withholding of the funds the withholding order has seized violates 38 U.S.C. 3101. In this section the law states that all veteran benefits are exempt from all creditors including child support even to enforce a court order for support. The Petitioner states . . . that he has provided the respondents with documentation listed as exhibit A showing that all of the funds be withheld with the withholding order are in fact veteran benefits . The respondents contacted the petitioner on September 23, 2005 at 12:28 p.m. and stated to the petitioner that they intended to violate the federal statute of 38 U.S.C. 3101 prohibiting withholding of any veteran benefits distributed under this section. The petitioner then directed Ms. Williams to the section on the withholding order under notice to debtor and pointed out that even it in the withholding order it states that veteran benefits are exempt from this withholding order listed as exhibit B.[2]

Construing these *pro se* pleadings with due liberality, this Alabama federal court is being asked to enjoin enforcement of an administrative order issued by the Commonwealth of Virginia, pursuant to its statutes, in order to collect from funds in Ardis' checking account a child support debt allegedly owed by him under Virginia law. The only justification offered for this court's solicited interference with Virginia's presumptively lawful order is his conviction that his bank account should be exempt from the withholding order because it is the depository for veteran's benefits which constitute his primary source of subsistence. Notwithstanding the merits or demerits of his conviction, the question for this court is purely jurisdictional. The asserted fact that a federal statute may exempt Ardis' bank account from

---

[2] "Exhibit A" is an unauthenticated, three-page bank statement purporting to list transactions on a checking account for Ardis at Wachovia Bank, N.A. d/b/a SouthTrust Bank between August 28, 2005, and September 21, 2005. "Exhibit B" is a similarly unauthenticated "*Order to Withhold*" directed to SouthTrust Bank/Wachovia in Charlotte, NC, re "Marvin Ardis III - Debtor/Absent Parent"; it is dated September 6, 2005, from Carina V. Williams, Authorized Representative for the Commonwealth of Virginia's Department of Social Services - Division of Child Support Enforcement. The last page of the Order is directed to Ardis and advises, exemptions from the withholding order exist for, *inter alia,* "Veteran's benefits (38 U.S.C. 3101)."

the withholding order does not mean that this civil action to enjoin the order empowers this court with federal question jurisdiction (28 U.S.C.§ 1331)[3]; ; nor does the complaint satisfy the requirements of diversity jurisdiction (28 U.S.C. § 1332). Indeed, this court has no jurisdiction over the Commonwealth of Virginia and a public official/representative whose apparent acts solely in her official capacity make the action nothing more than a civil action by Ardis against the Commonwealth of Virginia.

The order in question has already issued to a bank which is not before this court. This court is powerless to grant the relief requested by Ardis – "an injunction ...to remove the withholding order and prohibit the respondents from filing a withholding order to retain funds from Veteran Benefits in the future." Granting such injunctive relief presupposes the invalidity of the order under the Virginia statutory law and/or the invalidity of the judicial and/or administrative orders underlying the child support debt; that question of law is reserved for the Commonwealth of Virginia and its courts.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous or malicious OR fails to state a claim on which relief may be granted. At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears that the plaintiff "has little or no chance of success."  *See Denton v. Hernandez*, 504 U.S.

---

[3]It does not appear that Ardis challenges the validity of the child support indebtedness or the judicial orders underlying the debt. Such an attack would be barred by the *Rooker-Feldman* doctrine. Premised on *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983), the doctrine recognizes that lower federal courts do not have the power to exercise appellate review over state court decisions.

25 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, 504 U.S. at 32-33.

## II.

It is, therefore, the Recommendation of the Magistrate Judge that this action be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), for failure to state a claim for which relief can be granted in this court against the designated defendants.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* not later than October 19, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 5th day of October, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE